Filed 8/29/22  P. v. Barnes CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES MARIO BARNES,<br><br>    Defendant and Appellant. | H049588<br>(Santa Clara County<br> Super. Ct. No. CC500804) |

James Mario Barnes appeals following the denial of his petition for resentencing under former Penal Code section 1170.95[1] (Stats. 2018, ch. 1015, § 4 [Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437)]).[2]  The trial court summarily denied the petition, ruling that Barnes was not eligible for resentencing relief because he had been convicted of attempted murder, not murder.  Barnes and the Attorney General agree, and we concur, that the court's order must be reversed, and the cause remanded for further proceedings in light of the amendments to former section 1170.95 made by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (Senate Bill 775), which was signed after the trial

---

[1] Unspecified statutory references are to the Penal Code.

[2] Section 1170.95 has been amended and renumbered as section 1172.6.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022; see also Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

court's order. These amendments, effective January 1, 2022, expanded the reach of Senate Bill 1437 to include convictions for attempted murder.

## I. PROCEDURAL BACKGROUND

On June 2, 2006, the Santa Clara County District Attorney filed an information against Barnes. Barnes was charged with one count of attempted murder (§§ 664, subd. (a), 187; count 1) with allegations that the attempted murder was premeditated (§§ 664, 187, 189) and a principal intentionally discharged a firearm (§ 12022.53, subds. (c) & (e)(1)), possession of a firearm by a felon (§ 12021, subd. (a)(1); count 2), vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a), § 666.5; count 3), possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 4) with an allegation that he was personally armed with a firearm (§ 12022, subd. (c)), possession of ammunition by a prohibited person (§ 12316, subd. (b), count 5), and two allegations that he had served prior prison terms (§ 667.5, subd. (b)).

Barnes waived his right to preliminary hearing and on August 1, 2006 pleaded guilty to the charges in the information.[3] Specifically, Barnes pleaded guilty to attempted murder with an allegation that a principal intentionally used a firearm (§ 12022, subd. (a)). Barnes also pleaded guilty to counts 2, 3, 4, and 5, and the remaining allegations. With respect to the attempted murder count, Barnes admitted the premeditation allegation (§§ 664, 187, 189). Both the prosecution and defense stipulated to a factual basis for the crimes but did not on the record describe that factual basis or articulate the theory of liability for Barnes's guilt for attempted murder.

On November 30, 2006, the trial court sentenced Barnes. Prior to sentencing, Barnes moved the court to strike pursuant to section 1385 the premeditation enhancement on the attempted murder count. In the course of ruling on the motion the court confirmed

---

[3] In addition to the information described above, Barnes also pleaded guilty to a number of other charges from a separate criminal case (No. CC511291). Those counts of conviction are not at issue in this appeal.

2

that "Barnes was not the actual shooter. It was his gun but he was not the actual shooter." In responding to a question from the trial court, Barnes's counsel stated that Barnes "was not the actual shooter. A person in the front passenger seat named [F.V.] jumped out of Mr. Barnes'[s] car and fired two shots into the victim and then was not apprehended until recently." Barnes's defense counsel noted "you can actually be liable for attempting murder even with the special allegations of premeditative and deliberate and willful where you did not intend to aid an actual murder." The prosecution objected to Barnes's motion and stated that the gun enhancement took into account that Barnes was not the actual shooter. The prosecution did not challenge defense counsel's account of the facts except to argue that the evidence showed that Barnes had placed the call to the victim that got him to the location where he was ultimately shot. The court elected not to strike the premeditation enhancement.

The court denied probation and sentenced Barnes on the conviction for attempted murder to life with the possibility of parole and to a consecutive term of one year for the firearm enhancement. The court imposed a consecutive term of four years and eight months on the remaining counts of conviction in that case.[4] The court also ordered fines and fees. Barnes appealed, and his counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. This court concluded there was no arguable issue on appeal and affirmed the judgment in an unpublished opinion. (*People v. Barnes* (May 23, 2007, H030973) [nonpub. opn.].)

On August 26, 2021, Barnes, representing himself, petitioned for resentencing under former section 1170.95 (petition). Barnes asserted that "the prosecution in this case proceeded under the theory of felony murder or under the natural and probable consequence[s] doctrine, and he could not now be convicted of attempted murder because

---

[4] In the other case, sentenced at the same time, the court imposed a term of 21 years, eight months, for a total aggregate determinate term in both cases of 26 years, four months.

of the retroactive changes made to Panel Code sections 188 and 189." Barnes asserted "that he did not act with the 'intent' to kill during the commission of these offenses, and at no time during trial was [his] mental state at the time of the offense examined or proven."

On September 2, 2021, without appointing counsel, holding a hearing, or requesting briefing, the trial court summarily denied the petition. In a written order, the court stated, "[o]n its face, [s]ection 1170.95 does not apply to attempted murder," and concluded Barnes was ineligible for relief.

Barnes timely appealed the trial court's denial of the petition.

## II. DISCUSSION

Barnes argues that the passage of Senate Bill 775 clarified that persons convicted of attempted murder (or manslaughter) under a theory of felony murder or the natural and probable consequences doctrine are eligible for relief under current law. Barnes asserts the trial court prejudicially erred in declining to appoint counsel for him and in summarily denying his petition. Barnes requests that this court reverse the order with directions to the trial court to appoint counsel, permit briefing, and determine whether to issue an order to show cause.

The Attorney General agrees that, after the adoption of Senate Bill 775, Barnes "might be eligible for section 1170.95 relief with respect to his attempted murder conviction." Noting that the law has changed since the trial court's order, the Attorney General asserts that "[b]ecause [Barnes's] case involved a guilty plea, and there is no indication in the record as to whether the prosecution would have relied on the natural and probable consequences doctrine for attempted murder, [Barnes] might be able to establish a prima facie showing of eligibility." The Attorney General concurs with the relief requested by Barnes.

We agree with the parties that, in light of Senate Bill 775, the trial court's order must be reversed and remanded for further proceedings.

4

By its express terms, former section 1170.95 as enacted by Senate Bill 1437 did not authorize a petition to vacate a conviction for any offense other than murder. As amended effective January 1, 2022,[5] by Senate Bill 775, former section 1170.95, subdivision (a), provided, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." This amendment applies to Barnes's petition. (See *People v. Basler* (2022) 80 Cal.App.5th 46, 56.)

Barnes's admission of the premeditation allegation does not foreclose the possibility that he was convicted of attempted murder on a natural and probable consequences theory. (See *People v. Favor* (2012) 54 Cal.4th 868, 879 [observing that because "section 664[, subd.] (a) 'requires only that the attempted murder itself was willful, deliberate, and premeditated' [citation], it is only necessary that the attempted murder 'be committed by one of the perpetrators with the requisite state of mind' "]; *id.* at p. 880 [and holding "[u]nder the natural and probable consequences doctrine, there is no requirement that an aider and abettor reasonably foresee an attempted premeditated murder as the natural and probable consequence of the target offense. It is sufficient that attempted murder is a reasonably foreseeable consequence of the crime aided and abetted, and the attempted murder itself was committed willfully, deliberately and with premeditation."].)

---

[5] Senate Bill 775 was signed by the Governor on October 5, 2021.

Because the sole ground on which his petition for resentencing was summarily denied has been resolved in his favor by Senate Bill 775, we reverse the order denying Barnes's petition and remand for further proceedings in accordance with section 1172.6.

## III. DISPOSITION

The trial court's September 2, 2021 order denying Barnes's petition for resentencing is reversed. The matter is remanded to the trial court with directions to appoint counsel for Barnes and reconsider his eligibility for relief pursuant to Penal Code section 1172.6, subdivision (c).

_____
Danner, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.


_____
Wilson, J.


**H049588**
*People v. Barnes*